JUDGE BUCHWALD

'07 CIV 7430

LENNON, MURPHY & LENNON LLC
Attorneys for Plaintiff
REDERI AB GOTLAND
Kevin J. Lennon (KL 5072)
Charles E. Murphy (CM 2125)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile

RECEIVED
AUG 21 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
REDERI AB GOTLAND,                          :        07 Civ. _____ (   )
                                            :
                Plaintiff,                  :        ECF CASE
                                            :
        - against -                         :
                                            :
MARBASE TRADING CO. LTD.,                   :
                                            :
                Defendant.                  :
-----------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, REDERI AB GOTLAND (hereinafter referred to as "REDERI" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon LLC, as and for its Verified Complaint against the Defendant, MARBASE TRADING CO. LTD., (hereinafter referred to as "MARBASE" or Defendant) alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff REDERI was, and still is, a foreign company duly organized and operating under the laws of Sweden and was, at all times material of this action, the registered owner of the commercial motor vessel M/V "GOTLAND CAROLINA" (hereafter referred to as "Vessel").

3.	Upon information and belief, Defendant MARBASE was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with a registered place of business in Limassol, Cyprus.

4.	By a charter party dated February 2, 2007, REDERI chartered its Vessel to MARBASE for the carriage of a cargo of no heat dirty gas condensate from one safe port Murmansk –Vitno range to one safe port ARA range.

5.	In respect of the aforesaid charter, certain disputes arose between the parties regarding Defendant's failure to remit demurrage[1] due and owing to the Plaintiff.

6.	As a result of Defendant's breach of its charter party obligation to remit the demurrage due and payable, REDERI has sustained damages in the total principal amount, as best as may presently be approximated, of $338,731.25 , exclusive of accumulated interest, arbitration costs and attorneys fees.

7.	The aforesaid charter party provides that disputes will be settled in the English High Court.  REDERI has filed its Claim and Particulars of Claim in the English High Court of Justice, Queens Bench Division, Commercial Court in the Royal Courts of Justice under Claim No. 2007 Folio No. 1194 issued on July 27, 2007.  Service of process is being effected on Defendant in Limassol, Cyprus.

---

[1] Demurrage is a liquidated damage for delay set forth in the charter party that requires a vessel charterer to pay the vessel owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations – here a total of 84 hours as stipulated under within the charter party).

8. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in English High Court proceedings applying English law. As best as can now be estimated, Plaintiff expects to recover the following amounts in a forthcoming English High Court Judgment:

| | | |
|---|---|---|
| A. | On the principal claims: | $338,731.25; |
| B. | 2 years of interest at 8.25% per annum (compounded quarterly): | $60,096.05 |
| C. | Attorneys fees and litigation costs: | $250,000.00. |
| **Total:** | | **$648,827.30.** |

9. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

10. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

11. The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming English High Court award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq*.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$648,827.30.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$648,827.30** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§ 201 *et seq.* this Court recognize and confirm any English High Court award(s) or judgment rendered on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
       August 21, 2007

The Plaintiff,

By: *[signature]*
Charles E. Murphy (CM 2125)
Kevin J. Lennon (KL 5072)
REDERI AB GOTLAND
LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
kjl@lenmur.com
cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          August 21, 2007

_____
Charles E. Murphy